UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNE M. BYRNE,

                          Plaintiff,

          v.                                          **DECISION AND ORDER**

TELESECTOR RESOURCES GROUP, INC.,                      04-CV-0076S
d/b/a VERIZON SERVICES GROUP, a/k/a
VERIZON NEW YORK, INC.,

                          Defendant.

          Plaintiff Anne M. Byrne ("Byrne") commenced this action on February 2, 2004, alleging that Defendant Telesector Resources Group, Inc., d/b/a Verizon Services Group, a/k/a/ Verizon New York, Inc. ("Defendant" or "Verizon") discriminated against her based on her sex, subjected her to a sexually hostile work environment, retaliated against her following her complaints of discrimination and paid her less than male employees performing the same duties, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.,* the New York State Human Rights Law ("HRL"), N.Y. EXEC. L. §§ 290 *et seq.,* and the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206 *et seq.* (Docket No. 1).  Byrne subsequently filed an Amended Complaint on May 7, 2004.  (Docket No. 12.)  Certain of the claims set forth in the Amended Complaint were dismissed by this Court's February 25, 2005 Decision and Order on Verizon's Motion to Dismiss.  (Docket No. 21.)  Additional claims were dismissed by this Court's March 28, 2007 Decision and Order on Verizon's Motion for Summary Judgment.  (Docket No. 72.) What remains in this

1

case is Byrne's allegation that her promotion to Sales Engineer III was discriminatorily delayed in violation of the HRL.  A jury trial, which the parties estimate will last from one and one-half days to one week, is scheduled to begin on November 13, 2007.

Presently before this Court is Byrne's Motion for Entry of Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1]  (Docket No. 77.)  Having reviewed the parties' submissions and considered the arguments therein, this Court finds oral argument unnecessary.

## II.  DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the [district] court *may* direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . ."  (alteration and emphasis added).  Once certified under Rule 54(b), the parties to the action may seek an immediate appeal without waiting for the remaining issues in the case to be decided.

Although the decision to enter partial final judgment under Rule 54(b) is within the district court's discretion, the Second Circuit repeatedly has stated that such entry is proper only if the following three requirements are satisfied:

> (1) Multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

---

[1]  In support of her motion, Byrne has filed the Affidavit of Kevin P. Wicka, Esq. ("Wicka Aff.") (Docket No. 78), a supporting Memorandum of Law (Docket No. 79), and a Reply Memorandum of Law (Docket No. 81).  Defendants have filed a Memorandum of Law in Opposition to the Motion.  (Docket No. 80.)

Information Res., Inc. v. The Dun and Bradstreet Corp., 294 F.3d 447, 451 (2d Cir. 2002) (quoting Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis in original)).  Moreover, because federal policy generally disfavors piecemeal appeals, certification under Rule 54(b) is appropriate only in the infrequent harsh case where "'some danger of hardship or injustice through delay would be alleviated by immediate appeal.'" O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (quoting Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980) (per curiam), *cert. denied*, 483 U.S. 1021 (1987), *overruled on other grounds*, Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987)); *see also*, Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 129 (2d Cir. 2000) (power to enter an order pursuant to Rule 54(b) should be used infrequently); Ruffolo v. Oppenheimer & Co., 949 F.2d 33, 36 (2d Cir. 1991) (certifications under Rule 54(b) should not be routinely granted).  District courts should bear in mind that "[n]ot all final judgments on individuals claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980).

There is no dispute that this case involves multiple claims[2] and, therefore, the first requirement is met.

The second factor requires that the claim(s) for which an order is sought be finally decided.  A court's disposition of a claim is final if it "'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that

---

[2]  Byrne's Amended Complaint sets forth seven claims for relief.

claim." Ginett, 962 F.2d at 1092 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)).  In contrast, non-final rulings include an order granting or denying summary judgment that only partially adjudicates the claim or an order dismissing only a portion of a claim.  Information Res., 294 F.3d at 452 (citations and quotations omitted).  Such non-final rulings cannot be made appealable under Rule 54(b). *Id.*

Here, Byrne requests that the Court enter final judgment with respect to each allegation upon which Verizon was granted summary judgment.  (Wicka Aff. ¶ 17.)  Such an order would allow Byrne to appeal, among others, her HRL claim of discrimination.  That claim was partially dismissed, but survives to the extent it is based on the allegation that a promotion was discriminatorily delayed for one year.  Byrne acknowledges that "Rule 54(b) requires a finding of finality with regard to those claims for which appeal is sought." (Pl's MOL at 2.)  However, she states that the dismissed HRL discrimination allegations involve discrete incidents that are factually distinct from the delayed promotion event, and urges that finality exists as to those dismissed allegations for purposes of this motion.  (*Id.* at 3.)  Byrne's rationalization is incorrect—it is the entire claim, not discrete allegations therein, that must be finally disposed of on the merits.  Rule 54(b) judgment on the partially adjudicated claim of discrimination in violation of the HRL would be improper, and denial of Byrne's motion is warranted on this basis alone.

Even were Byrne to amend her request for entry of final judgment to exclude the HRL discrimination claim, this Court declines to make an express determination that there is no just reason for delay in this case.  Byrne contends that certification of an immediate appeal would prevent the hardship of an expensive and duplicative trial and would be in

4

the interest of judicial economy.  This Court is well aware that entry of final judgment may be appropriate "where an expensive and duplicative trial court be avoided if, without delaying prosecution of the surviving claims, a dismissed claim [was] reversed in time to be tried with the other claims." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d. Cir. 1997) (citation omitted).  However, there are two reasons for finding Byrne's arguments insufficient to warrant "an exception to the general principle that a final judgment is proper only after all claims have been adjudicated." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).

First, as Byrne correctly notes, the sole  claim remaining in this case "is quite narrow and small in scope in comparison to the claims which were dismissed." (*Id.* at 5-6.)  Byrne also argues that the bulk of the "claims which have been dismissed . . . are separate and distinct from the remaining claim." (Docket No. 81 at 2.)  In short, Byrne's own statements suggest that the trial she now faces will be neither expensive nor duplicative.  Second, a jury trial on the remaining claim is scheduled to commence in less than three months.  It is a virtual certainty that an appeal of the dismissed claims would not be resolved in time to be tried with the remaining claim. Greer v. St. Bonaventure Univ., 02-CV-409, 2004 WL 1563084, at *2 (W.D.N.Y. May 21, 2004) (finding it extremely unlikely that appeal would be resolved in the seven months until trial).  Contrary to Byrne's suggestion, simultaneously litigating the remaining claim and an appeal is not in the interest of sound judicial administration.  Likewise, it would serve neither judicial interests nor the interests of the parties to delay the scheduled trial in a case that is now more than three and one-half years old so that Byrne can pursue an appeal which may itself take years.

**ORDER**

IT HEREBY IS ORDERED, that Plaintiff's Motion for Entry of Final Judgment (Docket No. 77) is DENIED.


SO ORDERED.

Dated:       August 19, 2007
             Buffalo, New York


                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                United States District Judge