UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNE M. BYRNE,

                Plaintiff,

    v.                                              **DECISION AND ORDER**

TELESECTOR RESOURCES GROUP, INC. d/b/a      04-CV-076S
VERIZON SERVICES GROUP a/k/a VERIZON
NEW YORK INC.,

                Defendant.

      1.      On September 26, 2007, Defendant Verizon filed a motion *in limine* to exclude twenty-five deposition transcripts that Plaintiff Byrne intends to use at trial. Byrne has filed a response to the motion. The focus of the parties' dispute involves the proper interpretation of this Court's Pretrial Order—specifically, whether the Order requires that Plaintiff identify by page and line number the deposition testimony she intends to use, or whether her reference to entire deposition transcripts is sufficient.

      2.      The attachment to the Court's Pretrial Order states as follows:

> To the extent practicable, issues concerning the use of deposition testimony, admissions, etc. will be resolved at the final pretrial conference. Each party's pretrial brief **must identify any deposition testimony that will be offered at trial**. Counsel should attempt to resolve any disputes prior to the final pretrial conference. If there are disputes concerning deposition testimony, the offering party must provide the proffered deposition to this Court and opposing counsel with the relevant testimony highlighted.

(emphasis supplied).

      3.      Plaintiff's pre-trial statement and exhibit list suggest that she will use each word of the twenty-five deposition transcripts listed. Yet this clearly is not her intent. In

response to Verizon's motion, Byrne's counsel states that "if this Court intended that the parties identify specific page and line references of each deposition transcript which it may offer to the jury as part of its Pre-Trial Submissions, the Plaintiff will readily supplement her Submissions to include those items." (Docket No. 117, ¶ 10.)

4. Plaintiff's suggestion that this Court's Order should be read as requiring the identification of <u>whose</u> testimony will be offered, as opposed to <u>what</u> testimony will be offered simply defies common sense. It would place Verizon in the position of having to consider whether there is an arguable basis to preclude hundreds, and perhaps thousands, of pages of deposition transcripts that Byrne may have no intention of using. It affords Verizon no reasonable starting point from which to attempt to resolve disputes and it certainly does nothing to advance the purpose of pretrial submissions. Plaintiff's cavalier statement that any issues relating to the whole of these twenty-five deposition transcripts can be resolved on October 26 at 9:00 a.m. demonstrates a troublesome disregard for judicial economy and the intent of this Court's Order.

5. Byrne is directed to file an Amended Pre-Trial Exhibit List no later than October 22, 2007, identifying with specificity the deposition testimony she intends to introduce at trial. Plaintiff's failure to file an Amended Exhibit List, or her failure to narrow the deposition testimony in any meaningful way, may result in the preclusion of one or more transcripts in their entirety. No amendments to the exhibit list, other than those specified, are permitted.

6. Any objections Verizon has to Byrne's amended exhibit list shall be presented by motion and filed no later than October 25, 2007. Plaintiff is directed to provide highlighted submissions to the Court and opposing counsel, in accordance with this Court's

2

Pretrial Order, at the October 26, 2007 final pretrial conference.

IT HEREBY IS ORDERED that Defendant's Motion to Exclude the Deposition Transcripts identified in Plaintiff's Exhibit List (Docket No. 96) is DENIED without prejudice.

SO ORDERED.

Dated:    October 16, 2007
         Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge