UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNE M. BYRNE,

                Plaintiff,

     v.                                         **DECISION AND ORDER**

TELESECTOR RESOURCES GROUP, INC.,          04-CV-0076S
d/b/a VERIZON SERVICES GROUP, a/k/a
VERIZON NEW YORK, INC.,

                Defendant.

## I. INTRODUCTION

Presently before the Court is Plaintiff Anne M. Byrne's ("Byrne") Motion to Strike Defendant's Bill of Costs. Defendant seeks deposition costs in the amount of $7,876.54.

## II. DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Sevenson Envtl. Servs. v. Shaw Envtl., Inc., 246 F.R.D. 154, 155 (W.D.N.Y. 2007) (citation and internal quotation marks omitted) [alteration added]). The costs properly taxable under Rule 54(d)(1) are enumerated in 28 U.S.C. § 1920 and include, *inter alia*, "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." While the costs must be reasonable, absent a showing of bad faith or unnecessarily aggressive litigation conduct,

the prevailing party should be awarded costs of securing deposition testimony that was "necessarily obtained for use in the case." Scheiner v. Wallace, 93 Civ. 0062, 1996 U.S. Dist. LEXIS 16258, at *7-8 (S.D.N.Y. Oct. 31, 1996) (citing McFarland v. Gregory, 425 F.2d 443, 449 (2d Cir. 1970)). The burden is on the party opposing the taxation of costs to overcome the presumption in favor of the prevailing party. *Id.* at *7. It is the prevailing party's burden, however, to establish that the expenses it seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. Sevenson, 246 F.R.D. at 155. To meet this burden, the prevailing party must present evidence sufficient to show that each cost it has requested was reasonably necessary and not for the mere convenience of counsel. *Id*.

Byrne first contends there should be no presumption in favor of Defendant here because: (1) all her claims were brought in good faith, and (2) she should be considered a prevailing party as to the single allegation that was settled.

The first argument is insufficient to overcome the presumption. Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 101-02 (2d Cir. 1999) (rejecting Title VII plaintiff's argument that, because her claims were not "useless, baseless, or frivolous," it was error for district court to assess costs); Electronic Specialty Co. V. Int'l Controls Corp., 47 F.R.D. 158, 160 (S.D.N.Y. 1969) (fact that plaintiffs brought their action in good faith not sufficient to alter general rule that costs are to be awarded to prevailing party as matter of course).

Byrne's second argument must be placed in context. Byrne asserted seven claims for relief in this action under Title VII, the NYSHRL, and the Equal Pay Act. Defendant obtained judgment in its favor on six of the claims in their entirety. The remaining cause

2

of action, alleging disparate treatment in violation of the NYSHRL, was predicated on four discrete events. Defendant obtained judgment in its favor on three of those allegedly discriminatory events. The parties settled the sole remaining allegation that Defendant delayed for approximately one year a promotion Byrne had sought. Byrne now alleges that she should be considered a prevailing party on that claim, and as a result, each party should be required to bear its own costs. In support, she cites a single case in which the defendant did not prevail in any respect.

Even assuming Byrne can be considered a Rule 54(d)(1) "prevailing party"[1] based on the settlement of one-fourth of one cause of action—a question it appears the Second Circuit has not addressed—this Court notes that a number of other Circuits have applied the theory that where a defendant's victory substantially outweighs the plaintiff's victory, the defendant is considered the prevailing party as that term is used in Rule 54(d)(1). *See* In re Omepraxole Patent Litigation, M-2181, MDL Docket No. 1291, 2004 U.S. Dist. LEXIS 15619, at *7-8 (S.D.N.Y. Aug. 9, 2004) (collecting cases). Here, the settlement of one small aspect of the litigation may have resulted in the technical disposition of the case for purposes of appeal, but it does not change the fact that under any conceivable definition of the term, Defendant is the substantially prevailing party here. Accordingly, this Court finds Byrne's second argument does not warrant denial of the Bill of Costs.

Byrne next argues that the Clerk improperly taxed costs in the amount of $284.54 for condensed deposition transcripts, computer disks, and postage. In response to Byrne's

---

[1] Byrne has not cited to any case defining "prevailing party" within the meaning of Rule 54(d)(1), *see, e.g.*, Dattner v. Conagra Foods, Inc., 458 F.3d 98 (2d Cir. 2006), nor has she provided any analysis with regard to her contention that she qualifies as such.

3

objections, Defendant has not explained how condensed transcripts and disks of transcripts were for anything other than the convenience of counsel.  Accordingly, these costs are denied.  *See* Sevenson, 246 F.R.D. at 155 (citing Galella v. Onassis, 487 F.2d 986, 989 (2d Cir., 1973)).  As for postage expenses, "[n]either section 1920 nor the rules thereunder permits a party to recover as a taxable cost any amounts expended for . . . postage unrelated to the cost of service . . . ."  Langenberg v. Sofair, 03 Civ. 8339, 2006 U.S. Dist. LEXIS 88157, at *26 (S.D.N.Y. Dec. 7, 2006); New Leadership Comm. v. Davidson, 97 CV 2271, 1997 U.S. Dist. LEXIS 22987, at *21-22, 25 (E.D.N.Y. Dec. 15, 1997) (request to be reimbursed for postage has no support in either 28 U.S.C. § 1920 or Rule 54(d)); Cleveland v. North Am. Van Lines, 154 F.R.D. 37, 38 (N.D.N.Y. 1994 (denying deposition-related postage and handling charges as not provided for in 28 U.S.C. § 1920).  Thus, these costs are denied, as well.

### III.  CONCLUSION

For the reasons stated, Byrne's Motion to Strike is granted in part and denied in part.  This Court finds that Defendant incurred recoverable deposition costs in the amount of $7,592.00.

### IV.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion to Strike (Docket No. 159) is GRANTED IN PART and DENIED IN PART;

FURTHER that the Defendant's original Bill of Costs is vacated; and

FURTHER THAT the Clerk of Court shall enter an amended Bill of Costs to be included in the judgment in favor of Defendant and against Plaintiff Anne M. Byrne, for costs in the amount of $7,592.00.

SO ORDERED.

Dated:     October 29, 2010
           Buffalo, New York

                                              s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                Chief Judge
                                         United States District Court